UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 07-1366 (RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| VINCENT F. CIGNA, et al., | : | |
| Defendants. | : | |

THIS MATTER comes before the Court upon Plaintiff's, the United States of America, motion for summary judgment. The United States seeks to reduce to judgment federal income taxes, penalties, and interest assessed against Defendants Vincent F. & Geraldine Cigna for tax years 1992, 1994, 1995 and 1996 and for federal income taxes, penalties, and interest assessed against Vincent F. Cigna for tax years 1997 through 2005.

On March 26, 2007, the United States filed the within Complaint to reduce federal tax assessments to judgment. (Dkt. No. 1.) As set forth in the moving papers, the United States assessed Defendants Vincent F. Cigna and Geraldine Cigna for federal income taxes, interest, and penalties for tax years 1992, 1994, 1995 and 1996. The amounts owed for unpaid income taxes,

penalties, and interest as of May 15, 2008 are as follows:

| Tax Year | Date Assessed | Balance Due |
|---|---|---|
| 1992 | 09.30.96 | $ 4,152.31 |
| 1994 | 09.09.96 & 08.25.97 | 17,418.87 |
| 1995 | 09.09.96 | 12,518.99 |
| 1996 | 10.12.98 | 7,441.22 |
| | | $41,531.39 |

(See Genis Declaration Exhibits 1-4 & 14-1 through 14-4.)

As further set forth in the moving papers, the United States assessed Defendant Vincent F. Cigna for federal income taxes, interest, and penalties for tax years 1997 through 2005. The amounts owed for unpaid income taxes, penalties, and interest as of May 15, 2008 are as follows:

| Tax Year | Date Assessed | Balance Due |
|---|---|---|
| 1997 | 03.31.03 | $ 43,685.61 |
| 1998 | 04.07.03 | 49,271.10 |
| 1999 | 04.14.03 | 91,056.28 |
| 2000 | 03.03.03 | 16,890.54 |
| 2001 | 03.03.03 | 15,386.86 |
| 2002 | 07.14.03 | 39,258.44 |
| 2003 | 11.22.04 | 67,224.38 |
| 2004 | 11.07.05 | 67,877.67 |
| 2005 | 11.20.06 | 30,942.34 |
| | | $421,593.22 |

(See Genis Declaration Exhibits 5-13 & 14-5 through 14-13.)

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  Fed. R. Civ. P. 56(c). In deciding whether there is a

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A

disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2] Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

Assessments made by the Commissioner of the Internal Revenue Service are presumed to be correct and establish a prima facie case of liability against the taxpayer. See United States v. Green, 201 F.3d 251, 253 (3d Cir. 2000). The party opposing the assessment has the burden to prove that the assessment is wrong. Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. See id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.

[2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

3

Here, the United States has submitted Certificates of Assessments, Payments, and Other Specified Matters (Form 4340) for the income taxes, penalties, and interest assessed against Vincent F. & Geraldine Cigna for tax years 1992, 1994, 1995 and 1996 and for income taxes, penalties, and interest assessed against Vincent F. Cigna for tax years 1997 through 2005. (See Genis Declaration Exhibits 1-13.) These transcripts reflect that the assessments, notice and demand for payment were made on the dates stated in the Complaint. Transcripts for each year at issue reflect that the amounts due for federal taxes, interest and penalties for the income taxes of Vincent F. & Geraldine Cigna for tax years 1992, 1994, 1995 and 1996 and Vincent F. Cigna for tax years 1997 through 2005 amount to $41,531.39 and $421,593.22, respectively, as of May 15, 2008. Id.

Defendants have not opposed the motion for summary judgment. Thus, as the record stands before the Court, there is no genuine issue of material fact and summary judgment is appropriate.

Accordingly, for the foregoing reasons, the Plaintiff's motion will be granted. An appropriate Order will issue this date.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Date: July 17, 2008